Case 2:16-cv-00124   Document 64   Filed on 11/17/17 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
November 17, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAMON EARL LEWIS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-124 |
| | § | |
| MCCONNELL UNIT, *et al*, | § | |
| | § | |
| Defendants. | § | |

## SUPPLEMENTAL MEMORANDUM AND RECOMMENDATION TO GRANT MOTION FOR SUMMARY JUDGMENT, DENY MOTION FOR DECLARATORY JUDGMENT AND DISMISS CASE

On April 16, 2016, Plaintiff filed this § 1983 action against the McConnell Unit and law library and mail room personnel (D.E. 1). He alleged that he was being denied access to the courts because he was not allowed to have access to certain materials that he believed he needed in order to challenge his conviction in the state courts (D.E. 1).

Defendants filed a motion for summary judgment, setting forth the reasons why Plaintiff was denied access to the materials and citing a security risk at the unit (D.E. 35). On February 28, 2017, undersigned entered a Memorandum and Recommendation, recommending that the motion for summary judgment be denied, but at the same time suggesting that if Plaintiff were given access to view, read, and take notes from redacted versions of the articles he was seeking, he would not be in a position to demonstrate any prejudice, and thus would not have a viable claim (D.E. 49). Plaintiff filed objections (D.E. 54). Defendants requested and received two extensions of time to file their objections (D.E. 51, 52, 56, 57). Defendants filed their objections May 15, 2017 (D.E.

60), and Plaintiff filed a rebuttal to those objections June 1, 2017 (D.E. 61).  Also pending is a motion described by Plaintiff as a motion for a declaratory judgment (D.E. 62) and Defendants' response (D.E. 63).

The jurisdictional statement, background, and applicable law from the original Memorandum and Recommendation (D.E. 49) are adopted as if fully set forth herein.  To simplify matters, however, the relevant section on denial of access to the court is repeated here.

Prisoners have a constitutionally protected right of access to the courts.  *See Lewis v. Casey*, 518 U.S. 343, 360 (1996) (citing *Bounds v. Smith*, 430 U.S. 817 (1977)).  The State must furnish indigent inmates with pen and paper to draft legal documents, stamps to mail them, and adequate opportunity to conduct legal research through access to adequate law libraries or access to "persons trained in the law" or other persons who can provide legal assistance.  *Bounds*, 430 U.S. at 824-28.  However, prison officials have considerable discretion in providing legal resources to prisoners.  *Lewis*, 518 U.S. at 356.  Restrictions on direct access to legal materials may be warranted when prison security is involved.  *See Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996).  But arbitrary limitations and restrictions are unconstitutional.  *Id.  See also Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir. 1994) (allegations of a total denial of access to the prison law library for twenty-five days following a prison riot stated a constitutional violation).

To prevail on a denial of access to the courts claim under § 1983, a plaintiff must show that he suffered an "actual injury."  *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (citing *Lewis*, 518 U.S. at 351-54).  The plaintiff must identify a "nonfrivolous,"

"arguable" underlying claim that he has been unable to pursue. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Absent an actual injury through prejudice as a litigant in a pending litigation or inability to transmit legal documents, a plaintiff is not entitled to relief based on a claim of denial of access to the courts. *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993).

Defendants offered Plaintiff an opportunity to view the redacted articles in order to prepare his petition challenging his conviction in the state courts, but he did not accept the request (D.E. 60). Plaintiff cannot refuse to review the articles and continue to claim that he has been denied access to the courts. He cannot demonstrate any actual injury, thus failing to meet the prejudice prong of an access to courts claim.

## RECOMMENDATION

Accordingly, the recommendation of February 28, 2017, to deny summary judgment is withdrawn. It is respectfully recommended that summary judgment in favor of all Defendants be GRANTED, and Plaintiff's claim be DISMISSED WITH PREJUDICE. It is further recommended that Plaintiff's motion for a declaratory judgment (D.E. 62) be DENIED as moot.

Respectfully submitted this 17th day of November, 2017.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).