IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAMON EARL LEWIS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:16-CV-00124 |
| | § | |
| MCCONNELL UNIT, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

The Court is in receipt of Defendants Nancy Trevino ("Trevino") and Jennifer Smith's ("Smith") January 6, 2017, motion for summary judgment, Dkt. No. 35, the February 28, 2017, Memorandum and Recommendation ("M&R") of the Magistrate Judge to whom this case was referred, Dkt. No. 49; Plaintiff's October 19, 2017, motion for declaratory judgment, Dkt. No. 62; and the November 11, 2017, supplemental M&R, Dkt. No. 64. The Court **GRANTS** Defendants' motion for summary judgment. Dkt. No. 35.

On April 18, 2016, *pro se* and *in forma pauperis* Plaintiff—currently incarcerated at the Texas Department of Criminal Justice ("TDCJ") McConnell Unit—commenced this action, seeking an injunction against Defendants so that he may access medical research material. Dkt. No. 1. Specifically, Plaintiff seeks access to these articles: (1) "Medical conditions with genital/anal findings that can be confused with sexual abuse," (2) "The pediatric hymen," and (3) "Healing of hymenal injuries in prepubertal and adolescent grils: descriptive study." *Id*. at 2 (any mistakes in original). On May 17, 2016, Plaintiff amended his complaint to additionally seek nominal and punitive damages against Defendants. *See* Dkt. Nos. 7, 8.

On June 21, 2016, the Court ordered service on "(1) John and Jane Does who are members of the Mailroom Correspondence review Panel at the McConnell Unit in Beeville, Texas and (2) John and Jane Does who are members of the Director's

Review Committee who are located in Huntsville, Texas." Dkt. No. 12 at 1. On August 5, 2016, the Attorney General for Texas filed an amicus brief alleging that "undersigned counsel identified the TDCJ mailroom employee who signed the 'Contraband Denial Form' as Nancy Trevino." Dkt. No. 15 at 1–2. The amicus brief further alleges that the "[u]ndersigned counsel also identified the TDCJ Directors Review Committee employee who upheld Defendant Trevino's denial as Jennifer Smith." *Id.* at 2.

In response to Trevino and Smith's January 6, 2017, motion for summary judgment, the Magistrate Judge issued an M&R on February 28, 2017, recommending that the Court deny in part and grant in part Defendants' motion. Specifically, the M&R recommended that the Court (1) dismiss Plaintiff's claims against Defendants in their individual capacities for nominal and punitive damages, and (2) retain Plaintiff's claim for injunctive relief against Defendants in their official capacities. The M&R states:

> [A]n order for Defendants to remove the objectionable images from the medical articles and allow Plaintiff to see and take notes on them while in the law library would preserve Plaintiff's right of access to the courts while not creating disorder or unduly burdening TDCJ officials. Removal of images prior to allowing Plaintiff to view them would also address Defendants' assertion that his viewing of the images would do a disservice to the public because Plaintiff is a convicted child sex offender.

Dkt. No. 49 at 21. The M&R recommends that "parties should proceed to trial on the issue of whether legitimate, penological interests support the denial of the articles to Plaintiff, or whether TDCJ should be ordered to provide the articles to Plaintiff in their current form, or in a more restricted form." *Id.* However, the M&R concludes that if "Defendants provide a reasonable accommodation to Plaintiff as outlined, then the request for injunctive relief will be moot." *Id.* at 22 n.3.

On March 22, 2017, Plaintiff filed an objection to the M&R.[1] Dkt. No. 54. On April 12, 2017, Smith and Trevino filed a "Motion to Stay the Objection to the Memorandum and Recommendation" pending Plaintiff's "decision on Defendants'

---

[1] The Court reviews objected-to portions of a Magistrate Judge's proposed findings and recommendations de novo. 28 U.S.C. § 636(b)(1).

Amended Offer of Compromise to Plaintiff." Dkt. No. 56. Defendants allege that their offer of compromise would provide Plaintiff "access to the medical articles made basis of this suit in a redacted form and through the McConnell Unit's Law Library" and "address[] articles requested in the future." Dkt. No. 56 at 2. Attached to the motion are two letters addressed to Plaintiff entitled "Amended Offer of Compromise." Dkt. No. 56-1 at 2–3. However, the letters are only partially visible. *Id.* That is, they are covered in part by certified mail receipt slips and a return envelope, respectively. *Id.* The part of the letters that are visible states, "Undersigned counsel will redact all photographs from the two articles previously denied to Plaintiff: 1) *Medical Conditions with Genital/Anal Findings that can be Confused with Sexual Abuse*, and 2) *Healing of Nonhymenal Genital Injuries in Prepubertal and Adolescent Girls: A Descriptive Study*."

On April 14, 2017, the Court granted Smith and Trevino's motion to stay. Dkt. No. 57. On May 15, 2017, Trevino and Smith filed an objection to the M&R. Dkt. No. 60. The objection: (1) argues that "TDCJ's correspondence policy is valid because it is reasonably related to the government's interest in maintaining security on the [McConnell] unit, and Defendant's actions with respect to the policy did not violate Lewis's right to access the courts;" (2) "object[s] to the Magistrate Judge's finding that the alternative means of accessing the courts factor weights against denying the articles; TDCJ has offered the articles in a redacted format despite the potential effect of draining prison resources;" (3) "object[s] to the magistrate's finding that the effect of accommodation weigh in Lewis's favor because permitting him access to articles redacted by prison staff will likely lead to a slippery slope that burdens TDCJ and will require the courts to arbitrate offender correspondence disputes;" (4) "object[s] to the Magistrate Judge's finding that denying Lewis articles is not reasonably related to legitimate penological interests or an accommodation comes at a *de minimis* cost to valid penological interests;" (5) "object[s] to the Magistrate Judge's finding that [Plaintiff's] claims for injunctive relief should proceed to trial because Defendants do not have the authority to make an accommodation that contravenes TDCJ's correspondence policy;" and (6)

"[Plaintiff's] claims are moot because TDCJ offered Lewis the articles with the sexually explicit images redacted for access in the McConnell Unit law library." *Id.* On June 1, 2017, Plaintiff filed a "Rebuttal to Defendants Objection to Memorandum and Recommendation." Dkt. No. 61 (mistake in original). On October 19, 2017, Plaintiff filed a motion for declaratory judgment, Dkt. No. 62. On November 7, 2017, the Plaintiff filed a response to the motion.

On November 17, 2017, the Magistrate Judge issued a "Supplemental Memorandum and Recommendation to Grant Motion for Summary Judgment, Deny Motion for Declaratory Judgment and Dismiss Case." Dkt. No. 64. The M&R found that "Defendants offered Plaintiff an opportunity to view the redacted articles in order to prepare his petition challenging his conviction in the state courts, but he did not accept the request." *Id.* at 3. The M&R concluded, "Plaintiff cannot refuse to review the articles and continue to claim that he has been denied access to the courts. He cannot demonstrate any actual injury, thus failing to meet the prejudice prong of an access to courts claim." *Id.* The M&R recommended that the Court grant Defendants' motion for summary judgment, dismiss with prejudice this action, and deny as moot Plaintiff's motion for declaratory judgment. *Id.* On December 8, 2017, Plaintiff filed an objection to the M&R, arguing in part that "Defendants' offer of compromise is incomplete and therefore rendered unacceptable." Dkt. No. 66.

The Court **SUSTAINS** Plaintiff's December 8, 2017, objection. Indeed, Defendants did not proffer the alleged "offer of compromise" letter in full. *See* Dkt. No. 56-1 at 2–3. Further, the part of the letter that is visible indicates that Defendants offered Plaintiff a method to view only two of the three requested articles. *Id.* Finally, Defendants did not provide any evidence, such as an affidavit, that shows Plaintiff declined Defendants' offer. Thus, the Court declines to adopt the November 17, 2017, M&R.

Nonetheless, the Court **GRANTS** Defendants' motion for summary judgment following in part Defendants' objection to the February 28, 2017, M&R, which argues that:

> *Ex Parte Young* and its progeny allow an exception to Eleventh Amendment immunity in claims against state officials for prospective injunctive relief. Nevertheless, [Plaintiff] must first demonstrate that he meets the three elements of standing: (1) injury in fact, (2) causation, and (3) redressability. . . . Any inquiry into the applicability of the Young exception should gauge (1) the ability of the official to enforce the statute at issue under his statutory or constitutional power, and (2) the demonstrated willingness of the official to enforce the statute. . . . Moreover, the Fifth Circuit pointed out that a state official cannot be enjoined to act in any way that is beyond his authority to act in the first place.

Dkt. No. 60 at 8. Indeed, in *Okpalobi v. Foster*, the Fifth Circuit held that plaintiffs failed to satisfy the "redressability" requirement of the case or controversy analysis because "these defendants have no powers to redress the injuries alleged . . . ." 244 F.3d 405, 416–17 (5th Cir. 2001).

Here, Defendants' uncontroverted summary judgment evidence shows that (1) Trevino lacks authority to permit Plaintiff access to correspondence containing sexually explicit images, *see* Dkt. No. 60 at 8–9; Dkt. No. 35-1 at 44; and (2) Smith has no authority to fulfill Plaintiff's request because her authority is delegated to her and she cannot alter images or allow possession of publications with sexually explicit images, *see* Dkt. No. 60 at 9–10; Dkt. No. 35-1 at 34. Thus, Trevino and Smith are not proper parties in this action. After independently reviewing the record and applicable law, the Court adopts the February 28, 2017, M&R except with respect to its findings and conclusions regarding Plaintiff's claim for injunctive relief against Defendants in their official capacities. Dkt. No. 49.

The Court **OVERRULES** the remaining objections as moot, frivolous, conclusory, or general. *See Battle v. United States Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987) (determining that a district court need not consider frivolous, conclusive or general objections).

The Court hereby:

- **GRANTS** Defendants' motion for summary judgment, Dkt. No. 35;
- **DENIES** as moot Plaintiff's motion for declaratory judgment, Dkt. No. 62; and
- **DISMISSES WITHOUT PREJUDICE** this action.

The Court will order entry of final judgment separately.

SIGNED this 1st day of March, 2018.

_____
Hilda Tagle
Senior United States District Judge